IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALPHONSO SARAVIA,
a/k/a ALPHONSO S. MACHUCA,

    Petitioner,

v.                                        CASE NO. 4:07-cv-00119-MP-EMT

WALTER A. McNEIL,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 28, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner's amended petition for writ of habeas corpus, filed under 28 U.S.C. § 2254, be denied. Pursuant to Title 28, United States code, Section 636(b)(1), the Court has made a *de novo* determination of those portions to which an objection has been made. The Court finds that the Magistrate's Report should be adopted and that Petitioner's § 2254 habeas petition should be denied.

In his objections, Petitioner first repeats his assertion that the evidence was insufficient to sustain his conviction for aiding and abetting second degree murder. Petitioner fails, however, to demonstrate any flaw in the Magistrate's thorough analysis of the facts in this case. The Court agrees with the Magistrate that the state court did not contrarily or unreasonably apply clearly established Supreme Court law when it affirmed the trial court's denial of Petitioner's motion for acquittal on this charge.

Petitioner also objects to the Magistrate's finding that Petitioner failed to demonstrate that the state court's denial of his double jeopardy claim was an unreasonable application of the

Blockburger test.  In support of his objection, Petitioner cites to Lopez-Vazquez v. State, 931 So.2d 231, 235 (Fla. 5th DCA 2006) (holding that convictions for shooting into an occupied vehicle and shooting from a vehicle, arising out of same criminal episode, violated double jeopardy principles, because the shooting offenses shared the same "core offense" of battery and, thus, were degree variants of the same underlying offense); but see Valdes v. State, 970 So.2d 414, 419 (Fla. 3rd DCA 2007) (disagreeing with Lopez-Vazquez and certifying the conflict to the Florida Supreme Court); review granted, 975 So.2d 430 (Fla. 2008).

Although the Court will decide under federal law whether a double jeopardy violation has occurred, it must accept the Florida courts' interpretation of the state's own statutes. Missouri v. Hunter, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); see also Williams v. Singletary, 78 F.3d 1510, 1515-1516 (11th Cir. 1996) (reviewing, in the absence of state supreme court precedent, intermediate state court decisions to determine whether the state's legislature clearly intended to punish certain crimes as separate offenses).  Here, the state's courts disagree over whether the Florida legislature intended to punish as separate offenses the crimes listed in Fla. Stat. §§ 790.19 and 790.15(2), and the Florida Supreme Court has not yet resolved the conflict.  Upon review, the Court agrees with the Magistrate that the crimes of aiding and abetting second degree murder, aiding and abetting shooting into an occupied vehicle, and aiding and abetting shooting from a vehicle within 1000 feet of a person are separate offenses.  The state court's application of the Blockburger test was reasonable.

The third and fourth grounds for Petitioner's § 2254 habeas petition are based on ineffective assistance of counsel claims.  As to Petitioner's argument that his counsel was ineffective for failing to call Mr. Holbrook as a witness, Petitioner argues that the Magistrate's

recommendation rests on the construction of strategic defenses which counsel did not offer. Doc. 32 at 4. However, Petitioner does not offer any persuasive objection to the Magistrate's finding that, even if Mr. Holbrook had been called as a witness, there is no reasonable probability that the outcome of the trial would have been different. As to Petitioner's remaining ineffective assistance of counsel claims, the Court agrees with the Magistrate that Petitioner has failed to establish that the state court's denial of these claims was an unreasonable application of Strickland. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge, Doc. 28, is ADOPTED and incorporated herein. Petitioner's amended § 2254 petition for writ of habeas corpus, Doc. 8, is DENIED.

**DONE AND ORDERED** this   *5th* day of January, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge